MARCZINAK v. J. B. KING TRANSP. CO.

(Supreme Court, Appellate Division, Second Department.   November 12, 1915.)

1. SEAMEN ☜29—PERSONAL INJURY—QUESTION FOR JURY.
    In an action by a deck hand, who lost a foot when caught in a hawser
    and drawn overboard, the question whether the master of the vessel
    was negligent *held*, under the evidence, for the jury.
    [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194;
    Dec. Dig. ☜29.]

2. APPEAL AND ERROR ☜1015—REVIEW—GRANT OF NEW TRIAL.
    Though the evidence was sufficient to warrant a verdict for plaintiff, an
    order of the trial court, setting aside the verdict as against the weight of
    the evidence and granting a new trial, will not be disturbed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–
    3876; Dec. Dig. ☜1015.]

Appeals from Special and Trial Term, Richmond County.

Action by Walter Marczinak against the J. B. King Transportation
Company.   A verdict for plaintiff was set aside, and new trial granted,
and plaintiff appeals, and defendant appeals from so much of the order
as denies its motion to dismiss the complaint.   Affirmed on both ap-
peals.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and
RICH, JJ.

Adolph Ruger, of Brooklyn, for plaintiff.
Edward P. Mowton, of New York City, for defendant.

RICH, J.   The action is to recover for personal injuries sustained
by plaintiff, who was employed by the defendant as a deck hand
upon one of its lighters, and is brought under the Employers' Liability
Act (Consol. Laws, c. 31, §§ 200–204).

The lighter upon which plaintiff was employed was being moved
from a dock, and in the process the stern of the boat was permitted to
swing out into the river by the action of the tide while the bow was
fast to the dock.   The first mate was stationed in the bow, and was
engaged in paying out the hawser which ran from the bow of the
boat to which it had been made fast, around a pile on the bulkhead
and back to a bitt on the bow of the boat, around which a couple of
turns had been taken.   The plaintiff was engaged, at the side of the
mate and under his direction, in an attempt to straighten out the end
of the hawser, which had become tangled, and while so engaged the
mate, at the command of the captain, cast the line off, the engines
were started back, and as the hawser began paying over the side plain-
tiff became entangled in it and was drawn into the water and up
against the pile, where he was held in such a manner that the force
and strain of the hawser as it was drawn around the pile amputated
his foot.   It is not contended that there was any negligence on the
part of defendant before plaintiff was precipitated into the water,
and the sole question upon this appeal is whether there was evidence

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

from which a jury would be warranted in finding defendant negligent in the subsequent management of the lighter.

[1] The plaintiff immediately made an outcry, and the mate called to the captain, informing him that plaintiff had been drawn overboard, and asked that the boat be stopped. The request was not complied with. There is evidence that the lighter was backing into the stream very slowly; the mate testified that she was going at the rate of one mile per hour. It was the duty of defendant's captain, when informed that plaintiff was overboard, to use reasonable care, not only to prevent further injury, but to rescue the unfortunate man, if it could be done by the exercise of the care and prudence of a reasonably careful pilot placed in his position at the time. There is evidence from which the jury might have found that the captain was unmindful of his duty to the plaintiff and that the accident was occasioned in consequence of his negligence. He knew that plaintiff had been drawn overboard, the mate had asked him to stop the boat, and it is claimed that this might have been done in time to avoid the accident. He backed the boat 45 or 50 feet after the notice and before plaintiff's foot was amputated. In reference to the contention that the captain was engaged in making a difficult maneuver at the time, I cannot find that an unusual or extraordinary situation was created by backing at the rate of one mile per hour into a three-mile tide, and I think the jury might properly have found, as they did, that the captain failed to exercise the reasonable degree of care which would have avoided this accident. It was for them to say.

[2] The learned justice who presided at the trial, however, has set the verdict aside on the ground that it is against the weight of the evidence. He observed the witnesses, and may be right. As the truth will be developed upon a retrial, I advise that the order be affirmed, without costs. All concur.